IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORMAN JAMES MCNEILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:23CV438 |
| v. | ) 1:08CR448-1 |
| | ) 1:22CR108-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Norman James McNeill, a federal prisoner, has brought a motion (1:08CR448-1, Docket Entry 61; 1:22CR108-1, Docket Entry 18) seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to distribution of cocaine base in criminal case number 1:08CR448-1 and was sentenced to 120 months of imprisonment and eight years of supervised release. (1:08CR448-1, Docket Entry 19.) His appeal was unsuccessful. (1:08CR448-1, Docket Entry 23.)

Petitioner served his term of imprisonment; however, while on supervised release he was charged in a separate case—criminal case number 1:22CR108-1—with possession with the intent to distribute fentanyl. (Case No. 1:22CR108-1, Docket Entry 1.) He pled guilty to that charge. (Case No. 1:22CR108-1, 4/20/2022 Minute Entry.) He was sentenced to 87 months of imprisonment (which was later reduced to 78 months pursuant to 18 U.S.C. § 3582(c)(2)), to run consecutive to the sentence imposed in criminal case number 1:08CR448-1. (Case No. 1:22CR108-1, Docket Entries 15, 29-30, Minute Entry 7/26/2022.) Petitioner

also admitted to violating the terms of his supervised release in criminal case number 1:08CR448-1, his supervised release was revoked, and he was committed to the custody of the Bureau of Prisons for that revocation for a period of 57 months. (1:08CR448-1, Docket Entry 58, Minute Entry 7/26/2022.)

Petitioner later filed the instant § 2255 motion, which was docketed in both of his criminal cases. (1:08CR448-1, Docket Entry 61; 1:22CR108-1, Docket Entry 18.) The Government filed a response. (1:08CR448-1, Docket Entry 69; 1:22CR108-1, Docket Entry 24.) Petitioner did not file a reply. The Court set an evidentiary hearing on three of Petitioner's four grounds for relief. (1:22CR108-1, Docket Entry 31; 1:08CR448-1, Docket Entry 83.)

The morning of the evidentiary hearing, Petitioner (through court-appointed counsel) filed a motion to withdraw his § 2255 motion, but in doing so Petitioner only referenced one of his criminal cases. (1:22CR108-1, Docket Entry 32.) The Court proceeded with a short hearing. At that hearing, Petitioner (through counsel) stated that he would like to withdraw his § 2255 motion in both criminal cases. (1:22CR108-1 & 1:08CR448-1, 12/03/25 Minute Entry.) The Government did not oppose the withdrawal. (*Id.*) The Court instructed Petitioner to file an amended motion to withdraw reflecting the same and referencing both criminal cases, which Petitioner subsequently filed the same day. (*Id.*; 1:22CR108-1, Docket Entry 33; 1:08CR448-1, Docket Entry 84.) The matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

The undersigned recommends granting Petitioner's amended motion to withdraw his § 2255 motion and thus voluntarily dismissing this action. Rule 41 of the Federal Rules of Civil Procedure provides for voluntary dismissal under certain circumstances. *See* Fed. R. Civ.

P. 41(a). More specifically, Rule 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party files an answer or a motion for summary judgment or if the parties have stipulated to the dismissal in writing. Fed. R. Civ. P. 41(a)(1). Rule 41(a)(1) is not applicable here, however, because the Government has not stipulated to a dismissal in writing and has also responded to Petitioner's § 2255 motion and also briefed the motion on its merits. *See, e.g.*, *United States v. Goxcon-Chagal*, No. CIV 15-0860 JB/CG, 2015 WL 7889765, at *1 (D.N.M. Nov. 30, 2015) (concluding that Rule 41(a)(1) is inapplicable where Government files a response to § 2255 motion).

But this does not end the analysis. Rule 41(a)(2) states that, except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here the Government represented at the hearing discussed above that it did not oppose dismissal and Petitioner represents the same in the instant amended motion to withdraw. (1:22CR108-1 & 1:08CR448-1, 12/03/25 Minute Entry; 1:22CR108-1, Docket Entry 33; 1:08CR448-1, Docket Entry 84.) The Court should therefore grant Petitioner's request (1:22CR108-1, Docket Entry 33; 1:08CR448-1, Docket Entry 84) to voluntarily withdraw his § 2255 motion and dismiss that motion (1:22CR108-1, Docket Entry 18; 1:08CR448-1, Docket Entry 61). *See* Fed. R. Civ. P. 41(a)(2); *see Goxcon-Chagal*, 2015 WL 7889765, at *1 (granting motion for voluntary dismissal of § 2255 motion under similar circumstances).

**IT IS THEREFORE RECOMMENDED** that Petitioner's amended motion to withdraw his § 2255 motion (1:22CR108-1, Docket Entry 33; 1:08CR448-1, Docket Entry 84)

be **GRANTED**, that Petitioner's motion (1:22CR108-1, Docket Entry 18; 1:08CR448-1, Docket Entry 61) be **DISMISSED**, and that Judgment be entered dismissing this action.

/s/ Joe L. Webster
United States Magistrate Judge

December 4, 2025
Durham, North Carolina